UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK,<br><br>      Plaintiff,<br><br>-against-<br><br>CARMINE AMELIO,<br><br>      Defendant. | **ORDER**<br><br>25-CV-02238 (JAV) |

JEANNETTE A. VARGAS, United States District Judge:

On March 17, 2025, Defendant Carmine Amelio ("Defendant"), proceeding *pro se* and *in forma pauperis*, filed a Notice of Removal of an action from the Town Court of the Town of Dover, County of Dutchess ("Dover Town Court"), to this Court. (ECF No. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Town Court of the Town of Dover, County of Dutchess.

## BACKGROUND

The Notice of Removal includes copies of the following documents, attached thereto as Exhibit A (ECF No. 1-1, "Ex. A"): (1) two Uniform Traffic Tickets, both dated February 13, 2025 (Ex. A at 2-3, "Traffic Tickets")[1]; and (2) "Motion to Dismiss for Lack of Jurisdiction," which appears to have been filed by Defendant in Dover Town Court on March 17, 2025 (*id.* at 4-9, "Dover Town Court Motion"). Defendant asserts that this Court has subject matter jurisdiction over this dispute for the following reasons: (1) "the plaintiff and defendant are citizens of different states and the amount in controversy exceed[s] $75,000.00"; and (2) as this is a "civil action that raises questions arising under the Constitution, laws, or treaties of the United States." (Not. of

---

[1] Citations to specific pages of the Notice of Removal and Ex. A correspond to the pagination generated by ECF.

Removal at 6).[2] Defendant does not set forth any basis for the propriety of this Court's exercise of subject matter jurisdiction over this removed criminal action.

The following allegations are taken from the Notice of Removal and Ex. A. On February 13, 2025, while leaving his son's basketball practice and traveling on Cricket Hill Road in Dover, New York, Defendant was stopped by Trooper J.C. Cruz ("Trooper Cruz") of the New York State Police. (*Id.* at 3). Trooper Cruz issued Defendant two traffic tickets for violations of Sections 1128 (D) and 1163 (0A) of the New York Vehicle and Traffic Law directing him to appear in the Dover Town Court on March 6, 2025.[3] (*Id.* at 3-4; Ex. A at 2-3). Defendant removed that criminal proceeding from the Dover Town Court, asserting civil rights claims against Trooper Cruz, the New York State Police, and the State of New York, all apparently stemming from the traffic stop on February 13, 2025. (Not. of Removal at 4-7).

## ANALYSIS

A defendant removing a criminal action to a federal district court has the burden of establishing that such case is within the federal court's removal jurisdiction. *Gonzalez v. Clark*, No. 19-CV-10542 (CM), 2019 WL 6878546, at *1 (S.D.N.Y. Dec. 16, 2019) (citing *Shamrock Oil*

---

[2] To the extent Defendant proceeds under the impression that his civil rights counterclaims (Not. of Removal at 2-5) convert this criminal action to a civil action, and provide the basis for federal subject matter jurisdiction (*see* Not. of Removal at 6, citing 28 U.S.C. §§ 1331 and 1332), this is incorrect. It is well-settled that a counterclaim cannot serve as the basis for federal subject matter jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction."); *see also Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441-42 (2019) (holding that "Section 1441(a) does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action"). As the Dover Town Court action stems from violations of the New York Vehicle and Traffic Law ("N.Y. V&T Law"), Sections 1128 (D) ("Crossing Road Hazard Markings") and 1163 (0A) ("Unsafe Turn or Failure to Give Appropriate Signal") (Ex. A at 2-3), the Court evaluates whether removal of that action is valid under 28 U.S.C. §§ 1442 and 1443, construing Defendant's *pro se* pleading liberally, as it must.

[3] While Defendant states that he was issued an "additional citation in retaliation" (Not. of Removal at 4), Defendant did not attach any such citation to his Notice of Removal. Accordingly, the Court considers only the two attached Traffic Tickets that are in the record.

*& Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). Federal courts, when analyzing underlying civil and criminal actions, are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), and "[i]f it clearly appears on the face of the notice [of removal] and any exhibits annexed thereto that removal [of a criminal case] should not be permitted, the court shall make an order for summary remand," 28 U.S.C. § 1455(b)(4). The notice of removal of a criminal action must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," 28 U.S.C. § 1455(b)(1), and "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded," 28 U.S.C. § 1455(b)(3).

Here, Defendant pleads that the "Notice of Removal is being filed within thirty days after service of the Original Petition to Defendant." (Not. of Removal at 6). Construing the *pro se* Defendant's allegations liberally, the Court finds this sufficient to satisfy 28 U.S.C. § 1455(b)(1). As Defendant was issued the Traffic Tickets on February 13, 2025, and the Notice of Removal and Traffic Tickets were filed on March 17, 2025, Defendant's removal is timely.

However, while Defendant has demonstrated compliance with the procedural requirements for removal, Defendant fails to include any facts within his Notice of Removal that would suggest removal of the criminal action properly falls within the narrow statutory requirements of 28 U.S.C. §§ 1442 or 1443. Removal of a criminal action to federal court is restricted to the following extremely limited class of circumstances: 1) where a criminal action in State court is commenced against a federal officer or member of the armed forces for actions taken under the color of office,

3

28 U.S.C. § 1442(a); and 2) where a criminal action is commenced in State court and the defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States," 28 U.S.C. § 1443(1); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Defendant does not allege that he is a federal officer or a member of the armed forces, or that the Traffic Tickets were issued while he was undergoing actions taken "under the color of his office." 28 U.S.C. § 1442(a). Defendant also fails to assert that he is unable to enforce a right in Dover Town Court "under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). Instead, Defendant protests the nature and circumstances of the traffic stop conducted by Trooper Cruz, asserting that the stop and issuance of the Traffic Tickets violated his civil rights (Not. of Removal at 4-7), which is an improper basis for removal. *See New York v. Bey ex rel. McDaniel*, No. 24-CV-1779 (LTS), 2024 WL 2133857, at *2 (S.D.N.Y. Apr. 15, 2024). Nowhere does Defendant claim that he was denied or was unable to enforce in the Dover Town Court a right to racial equality that was denied to him, or that Defendant was "charged with exactly that conduct which a federal law explicitly makes legal." *See People of State of New York v. Foster*, No. 86-CV-7126, 1987 WL 5356, at *2 (S.D.N.Y. Jan. 7, 1987).

Thus, for the above reasons, and as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo*, 932 F.2d at 1046), the Court holds that removal is improper, and the action is remanded to Dover Town Court. *See* 28 U.S.C. § 1455(b)(4).

## CONCLUSION

Based upon the foregoing, the Court concludes that Defendant has failed to satisfy his burden of establishing that removal of the Traffic Tickets is proper. Accordingly, this action is

REMANDED to the Town Court of the Town of Dover, County of Dutchess. The Clerk of the Court is respectfully directed to send a copy of this Order to the Town Court of the Town of Dover, County of Dutchess, and to close this action. All pending matters are hereby terminated.

Dated: New York, New York
April 16, 2025

**SO ORDERED:**

_____
JEANNETTE A. VARGAS
United States District Judge