UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
            :
THE PEOPLE OF THE STATE OF NEW YORK,    :
            :
            Plaintiff,           :       25-CV-2238 (JAV)
            :
       -v-                   :             ORDER
            :
CARMINE AMELIO,                :
            :
            Defendant.         :
            :
------------------------------------------------------------------- X

JEANNETTE A. VARGAS, United States District Judge:

On April 16, 2025, the Court remanded this matter to the Town Court of the Town of Dover after finding that removal to federal court was improper. ECF No. 5 (the "Order"). Defendant submitted a motion for reconsideration of that Order pursuant to Rule 59(e) on May 14, 2025. ECF No. 6 ("Mot."). As Defendant presents no valid grounds for reconsideration, the motion is DENIED.

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Arnold v. Geary*, 981 F. Supp. 2d 266, 269 (S.D.N.Y. 2013), *aff'd*, 582 F. App'x 42 (2d Cir. 2014) (cleaned up). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*,

684 F.3d 36, 52 (2d Cir. 2012) (citations and quotation marks omitted).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (quotation marks omitted).

Defendant does not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice.  First, Defendant points out that the Court erred in stating in a footnote that he did not include the "additional ticket" that he claims was retaliatory, as the second ticket attached to the removal notice was the purported "retaliatory" ticket.  Mot. at 2.  Yet the Court noted that it had reviewed both attached traffic tickets in reaching its decision, and this clarification that Defendant believed the second ticket to be retaliatory in nature makes no substantive difference to the Court's analysis.

In arguing that the second ticket demonstrates retaliation under 42 U.S.C. § 1983, Defendant contends that Trooper Cruz denied his First Amendment right to "freely challenge police conduct without retaliation" and that Trooper Cruz did so "under color of state law."  *Id.*  Defendant further avers that the state court cannot satisfactorily remedy the constitutional violation as it lacks jurisdiction over section 1983 claims.  *Id.*  Aside from the fact that Defendant has not identified any *new* evidence that the Court has not already considered, Defendant also does not provide any controlling law that changes the Court's analysis.  In his Motion, Defendant cites *Johnson v. Mississippi*, 421 U.S. 213 (1975), and *State of Ga. v. Rachel*, 384 U.S. 780 (1966), in asserting that removal under 28 U.S.C. § 1443(1) is proper where the state court cannot enforce federal civil rights.  *Id.*  The Court cited *Johnson* in its original opinion, as *Johnson* fully supports remand of this case.  ECF No. 5 at 4.  As set forth in *Johnson*,

the first element of the two-prong test under section 1443 requires that "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of *racial equality*." 421 U.S. at 219 (cleaned up) (emphasis added).

Indeed, *Johnson* makes clear "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." 421 U.S. at 219. A removal petitioner cannot also cite due process violations to satisfy section 1443(1) "because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis." *Id.* *Rachel* similarly holds that "broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under section 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands." 384 U.S. at 792 (cleaned up).

In neither his Motion nor his original Notice of Removal (ECF No. 1) does Defendant allege that his civil rights were violated under a constitutional provision protecting against racial discrimination. Defendant does cite the Fourteenth Amendment to assert a denial of due process of law, but as *Johnson* and *Rachel* clearly articulated, general allegations of due process violations will not justify removal under section 1443(1).

Seeing that Defendant has not pointed to any clear error in the interpretation of the evidence in the record nor provided any case law that establishes that his Notice of Removal meets the test under section 1443(1), the Court does not find that Defendant has satisfied the standard for reconsideration. Accordingly, Defendant's motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate ECF No. 6.

SO ORDERED.

Dated: July 21, 2025
       New York, New York

                                                    JEANNETTE A. VARGAS
                                                    United States District Judge